IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**08/11/2008**

|                       |   |                          |
|-----------------------|---|--------------------------|
| IN RE                 | ) |                          |
|                       | ) |                          |
| NEAL R. TAYLOR,       | ) | CASE NO. 05-31212-H3-13  |
|                       | ) |                          |
|          Debtor,      | ) |                          |
|                       | ) |                          |

<u>MEMORANDUM OPINION</u>

The court has considered the "Post-Confirmation Chapter 13 Fee Application" (Docket No. 69) filed by William W. Bivin, attorney for the Debtor.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the application in part.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Neal R. Taylor ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 26, 2005. William E. Heitkamp is the Chapter 13 Trustee.

In the instant application, William W. Bivin, the attorney for the Debtor, seeks allowance of $1,395.00 in fees, and $46.46 in expenses, for the time period from February 15, 2008 through May 6, 2008.

In the application, Bivin indicates that he worked 4.9 hours, which he values at $275 per hour, and the legal assistant spent .5 hour, which he values at $95 per hour.  The expenses consist of $27.60 for copies, and $18.86 for postage.

The time records attached to the instant application show that Bivin spent .5 hour preparing a response to a motion to lift stay, .2 hour on a phone call negotiating resolution of the motion to lift stay, and 1 hour in conference with Debtor regarding the agreed order.  Bivin then spent .7 hour reviewing and signing the agreed order.

The time records attached to the instant application also indicate that Bivin spent 2.2 hours drafting an amended plan, schedule J, and a motion to modify.

At the hearing on the instant motion, Bivin argued that he personally entered the data regarding amounts paid to creditors under the plan.  He argued that the time spent on the motion for relief from stay was approximately .5 hour higher than normal because of an error in the proposed form of agreed order.

Conclusions of Law

Section 330(a)(4)(B) of the Bankruptcy Code provides in part that the court may allow reasonable compensation to the attorney for a Chapter 13 debtor "based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."

11 U.S.C. § 330(a)(4)(B).

The other factors identified in Section 330(a)(4)(B)

include those set forth in Section 330(a)(3):

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the
> administration of, or beneficial at the time at which
> the service was rendered toward the completion of, a
> case under this title;
> (D) whether the services were performed within a
> reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem,
> issue, or task addressed;
> (E) with respect to a professional person, whether the
> person is board certified or otherwise has demonstrated
> skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this
> title.

11 U.S.C. § 330(a)(3).

In the instant case, Bivin spent 2.2 hours preparing a

modified plan and a motion to modify.  Many, but not all,

comparably skilled practitioners perform similar services for a

fixed fee of $450.  At Bivin's regular hourly rate, the fee for

these services would be $605.  However, the time spent by Bivin

includes time spent for data entry.  Compensation for data entry

at an attorney's hourly rate is not reasonable, even where the

attorney personally does the data entry.  It appears from the

argument of Bivin in court and the time records attached to the

instant application that approximately half the time spent on the

modification was spent on data entry.  The court finds that a

3

reasonable rate for this service is $95 per hour.  Thus, the
reasonable fee allowable for the modification in the instant case
is $407.00.  The court allows this amount for the modification.
The fee sought for services rendered with respect to the motion
for relief from stay, though higher than normal, is reasonable in
light of the error in the proposed form of order, and the time
Bivin spent counseling his client.  The court concludes that
$1,197.00 in fees, and $46.46 in expenses should be allowed on
the instant application.

Based on the foregoing, a separate conforming Judgment
will be entered.

Signed at Houston, Texas August 11, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE